FILED
AUG 29 2013
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| David M. Young, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 13-1044 (UNA) |
| ) | |
| Eric Holder *et al.*, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint seeking declaratory and injunctive relief, and plaintiff's application to proceed *in forma pauperis*. The application will be granted and the complaint will be dismissed. *See* 28 U.S.C. § 1915A (requiring the Court to screen and dismiss a prisoner's complaint upon a determination that it fails to state a claim upon which relief may be granted).

Plaintiff is a prisoner incarcerated at the Federal Prison Camp in Forrest City, Arkansas. He seeks to do in this "Federal Bivens Civil Suit" what he could not accomplish in his dismissed mandamus action, *i.e.*, to challenge the Attorney General's refusal to reclassify marijuana under his authority conferred by 21 U.S.C. § 811. *See Young v. U.S. Attorney Gen.*, No. 12-1623 (UNA), 2013 WL 1934949 (D.D.C. May 9, 2013) (finding jurisdiction wanting since, among other reasons, 21 U.S.C. § 877 confers jurisdiction exclusively in the U.S. courts of appeal over an aggrieved person's claim arising from the Attorney General's classification of controlled substances). The reasons meriting dismissal of the earlier mandamus action applies equally to this action for injunctive and declaratory relief.

1

Furthermore, to the extent that the complaint is brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), it fails to state a claim since plaintiff (1) sues Attorney General Holder in his official capacity as "Representative of All Defendants," Compl. Caption, (2) has not identified any individual subject to liability in his personal capacity, and (3) does not seek monetary damages. *See Correctional Servs. Corp. v. Malesko,* 534 U.S. 61, 66 (2001) (explaining that *Bivens* "recognized for the first time an implied private action for damages against federal officers [in their personal capacity] alleged to have violated a citizen's constitutional rights").

Finally, to the extent that plaintiff seeks to represent the interest of other individuals or states, *see* Compl. at 1, 2, as a general rule applicable here, a *pro se* litigant can represent only himself in federal court. *See* 28 U.S.C. § 1654; *Georgiades v. Martin–Trigona,* 729 F.2d 831, 834 (D.C. Cir. 1984) (individual "not a member of the bar of any court . . . may appear *pro se* but is not qualified to appear in [federal] court as counsel for others") (citation and footnote omitted); *U.S. ex rel. Rockefeller v. Westinghouse Elec. Co.* 274 F. Supp. 2d 10, 15-18 (D.D.C. 2003) (examining cases). A separate Order of dismissal accompanies this Memorandum Opinion.

/s/ _____
United States District Judge

Date: August 16, 2013